15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lee Roy COOK; Jo Ann Cook; William McCurdy, Plaintiffs-Appellants,
v.
BOISE CASCADE CORPORATION, Defendant-Appellee.
 No. 92-35516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1994.*
Decided Jan. 10, 1994.
 
 Before: WRIGHT, CANBY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court granted summary judgment to Boise Cascade. The Cooks and McCurdy appeal. We affirm.
 
 
 3
 We review de novo a grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We review the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact exist. F.D.I.C. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), cert. granted, 62 U.S.L.W. 3375 (U.S. Nov. 29, 1993) (No. 93-489).
 
 
 4
 The moving party has the initial burden of showing the absence of any genuine issue of material fact. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). The nonmoving party "must [then] set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.' " Id. (quoting Fed.R.Civ.P. 56(e)).
 
 
 5
 The record establishes that Boise Cascade met its initial burden, showing that it had taken reasonable precautions against exposing Brown & Root employees to toxic gases. See Kelly v. Howard S. Wright Constr. Co., 582 P.2d 500, 505 (Wash.1978) (owner's obligation to take reasonable safety precautions when independent contractor's work is inherently dangerous). It blocked off the drainage pipes into the tank, tested the blocking, and warned Brown & Root of the risk of residual gases.
 
 
 6
 Cooks and McCurdy were obligated to come forward with evidence establishing a dispute about a material fact relevant to Boise Cascade's duty. They could not merely rest on their pleadings. T.W. Electric, 809 F.2d at 630. They offered only their attorney's summaries of medical depositions.[1] The depositions, while relevant to establishing a link between toxic exposure and the claimed injuries, were irrelevant to establishing the breach of a duty by Boise Cascade.[2]
 
 
 7
 The record establishes that Boise Cascade did not breach any duty owed to the plaintiffs. There is no evidence that it owed any further duties. Defendants were entitled to judgment as a matter of law. See id. The district court did not err.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if relevant, the deposition testimony was improperly presented. The nonmovant must oppose summary judgment using evidence in the form of "affidavits, depositions, answers to interrogatories, and admissions on file...." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1985). But the arguments and statements of counsel "are not evidence and do not create issues of material fact capable of defeating an otherwise valid motion for summary judgment." Smith v. Mack Trucks, 505 F.2d 1248, 1249 (9th Cir.1974) (per curiam)
 
 
 [2]
 At the summary judgment hearing, plaintiffs attempted to use res ipsa loquitur, which would have made proof of the injury relevant. But this theory is not well taken. The record is clear that Boise Cascade was not in exclusive control of the tank area at the time of the alleged incident. See Marshall v. Western Air Lines, 813 P.2d 1269 (Wash.App.), review denied, 822 P.2d 287 (Wash.1991)